**Thomas B. SATTERWHITE et al.,
Appellants,**

**v.**

**PUBLIC SERVICE COMMISSION of Kentucky, and Kentucky Utilities Company, Appellees.**

Court of Appeals of Kentucky.

Oct. 1, 1971.

Rehearing Denied Jan. 21, 1972.

James L. Williams, Young & Williams, William M. Johnson, Frankfort, for appellants.

John Breckinridge, Atty. Gen., Robert D. Simmons, Public Service Comm., Frankfort, Malcolm Y. Marshall, Ogden, Robertson & Marshall, Louisville, for appellees.

CULLEN, Commissioner.

Some 13 months after the Public Service Commission of Kentucky granted a certificate of convenience and necessity to Kentucky Utilities Company for the construction of additional generating facilities at K.U.'s Brown Generating Plant on the Dix River in Mercer County, and for the construction of high voltage transmission lines from those facilities, through Jessamine and Fayette Counties, to substations near Lexington, certain landowners in Jessamine County, over whose lands K.U. had undertaken to condemn easements for the transmission lines, filed a petition with the Public Service Commission asking that the order granting the certificate of convenience and necessity be set aside and that the matter be reconsidered at a new hearing in which the petitioners be entitled to participate. The Public Service Commission denied the petition, whereupon the petitioners brought the instant action in the Franklin Circuit Court, asking that the Public Service Commission be directed to grant the relief sought in the petition. The court entered judgment dismissing the action, and the petitioner-landowners are appealing here from that judgment.

The basic contention of the appellants is that, as owners of lands over which would pass the transmission lines for which the certificate of convenience and necessity was applied for by K.U., they were "parties interested" within the meaning of the provision of KRS 278.020 that a certificate of convenience and necessity may be issued "after a public hearing of all. parties interested;" therefore they were entitled to notice of the hearing and to participate in the hearing, absent which the Public Service Commission had no jurisdiction to grant the certificate.

The trouble with this contention is that the question of what particular lands the

proposed transmission line would cross was not in issue before the Public Service Commission. The application included a map showing the general course and direction of the proposed lines, but the specific paths the lines might follow were not indicated or suggested, and the order granting the certificate did not purport to fix the specific paths for the lines. The Public Service Commission was not concerned with that detail because it was not relevant to the issue of convenience and necessity. The considerations on that issue were the adequacy of existing service, the economic feasibility of the proposed facilities, the avoidance of wasteful duplication, and the financial ability of the appellant. See Kentucky Utilities Co. v. Public Service Commission, Ky., 252 S.W.2d 885.

Furthermore, the landowners over whose lands K.U. chose to build the transmission lines, *after* the certificate was granted, were not and could not be "parties interested" in the application for the certificate, within the meaning of KRS 278.020, because when the application was being considered they had not been determined. Certainly every landowner in Jessamine and Fayette Counties over whose lands K.U. *might* choose, after the certificate was granted, to build the transmission lines, could not reasonably be held entitled to notice of hearing on the application for the certificate.

■ The appellant landowners alleged that they were *patrons* of K.U. and they claim that as such they were "parties interested." This claim is without merit, because in the capacity of patrons they had no status or standing different from any of the other thousands of patrons of K.U., and the appellants do not even suggest that *all* patrons are "parties interested." We think that the issues presented on an application for a certificate of convenience and necessity are not such as reasonably would call for notice to and participation by patrons.

The judgment is affirmed.

All concur except REED, J., who did not sit.